UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

TERRI LAGRAND O/B/O H.W.F., IV,

                        Plaintiff,

        v.

ANDREW SAUL, Commissioner of
Social Security,

                        Defendant.

DECISION & ORDER

18-CV-6607-MJP

## INTRODUCTION

**Pedersen, M.J.** Terri Lagrand ("Plaintiff"), on behalf of her minor child,
H.W.F., IV ("H.W.F." or "minor child") brings this action pursuant to Section 205(g)
of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Administrative
Law Judge's ("A.L.J.") final decision that Plaintiff's minor child, was not eligible for
supplemental security income under the Social Security Act (the "Act"). The
Commissioner found that H.W.F. was not disabled during the relevant period from
April 22, 2015—the date Plaintiff protectively filed her application—through August
17, 2017—the date the A.L.J. issued his decision. This Court has jurisdiction
pursuant to 42 U.S.C. § 405(g), which applies to all supplemental security income
cases. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of
this case by a United States magistrate judge. (Consent to Proceed, Nov. 15, 2019,
ECF No. 16.)

## BACKGROUND

On April 22, 2015, Plaintiff filed an application for Supplemental Security Income benefits on behalf of H.W.F. (R. 203–08.) Plaintiff timely requested a hearing on June 5, 2015. (R. 103–20.) On June 14, 2017, Plaintiff and the minor child appeared at a hearing held in Rochester, New York before an A.L.J. (R. 69–80.) Plaintiff and the minor child testified at the hearing. (R. 69, 89.) The A.L.J. issued an Unfavorable Decision on August 17, 2017. (R. 12–32.) The Appeals Council denied the Request for Review, and this action was timely filed. (Compl., Aug. 20, 2018, ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

To be "disabled" within the meaning of the Childhood Disability Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I). A three-step sequential evaluation process—similar to the five-step sequential evaluation process for adults—determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the A.L.J. determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the A.L.J. determines whether the child has a "severe" impairment, or combination of impairments—*i.e.*, a slight abnormality or combination of slight abnormalities that

causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the A.L.J. denies the application; otherwise, the evaluation continues.

A child's functional limitations are evaluated in the context of six broad functional areas, called "domains of functioning." 20 C.F.R. § 416.926a(b)(1). If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment or combination of impairments is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(d). Those prescribed domains include:

> (i) Acquiring and using information;
>
> (ii) Attending and completing tasks;
>
> (iii) Interacting and relating with others;
>
> (iv) Moving about and manipulating objects;
>
> (v) Caring for [oneself]; and
>
> (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). A finding of disability is warranted if a "marked" limitation, defined as when the impairment "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities," 20 C.F.R. § 416.926a(e)(2)(i), is found in two of the listed domains. 20 C.F.R. § 416.926a(a). Functional equivalence also exists in the event of a finding of an "extreme" limitation, meaning "more than marked," representing an impairment which "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities," and this rating is only "give[n] to the worst limitations." 20 C.F.R. § 416.926a(e)(3)(i); *see also Pollard v. Halter*, 377 F.3d 183, 190 (2d. Cir 2004).

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). "Remand is particularly appropriate where further findings or explanation will clarify the rationale for the A.L.J.'s decision." *Steficek v. Barnhart*, 462 F.Supp.2d 415, 418 (W.D.N.Y. Nov. 28, 2006) (citing *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.1996)). The standards for finding disability are "to be applied in light of the fact that 'the [Social Security] Act is a remedial statute, to be broadly construed and liberally applied.'" *Gold v. Secretary of Health, Educ. & Welfare*, 463 F.2d 38, 41 (2d Cir. 1972) (quoting *Haberman v. Finch*, 418 F.2d 664, 667 (2d Cir. 1969)).

### The A.L.J.'s Decision

After evaluating the record, the A.L.J. determined H.W.F. had the severe impairment of speech and language delays. (R. 18.) At step three, the A.L.J. determined that H.W.F.'s impairments were not of a severity that met or medically equaled any listed impairment.  (R. 18–23.) The A.L.J. then evaluated functional equivalence and determined that H.W.F. had no limitations in the domains of attending and completing tasks, moving about and manipulating objects, caring for himself, and physical well-being. (R. 24–29.) The A.L.J. also found that Plaintiff had less than marked limitations in the domains of acquiring and using information and interacting and relating with others.  (R. 23–26.) The A.L.J. concluded that H.W.F.'s

impairments did not result in two "marked" limitations or one "extreme" limitation, and that the child was not disabled (R. 18–29).

### *Plaintiff's Contentions*

Plaintiff claims that the A.L.J. improperly excluded relevant treatment notes despite Plaintiff's counsel providing the A.L.J. notice of the evidence more than five business days prior to the scheduled hearing. (Pl.'s Mem. of Law, at 11, ECF No. 10-1.) Plaintiff further claims that the treatment notes contain information that undermines the A.L.J.'s findings relating to the veracity of Plaintiff's subjective complaints, and, thus, the A.L.J.'s exclusion of the evidence was harmful. (*Id*.) Plaintiff states that the A.L.J.'s conclusory reasoning for finding less than marked limitations in the domain of interacting and relating with others and the domain of acquiring and using information, was insufficient and prevents meaningful judicial review. (*Id*.) Further, Plaintiff argues that fault in the A.L.J.'s analysis is not a harmless error because the record contains evidence strongly suggesting marked limitations in two domains. (*Id*.) While Plaintiff raises numerous issues with the ALJ's decision, only the issue regarding the excluded records will be addressed as it requires remand.

## ANALYSIS

Pursuant to its authority under 42 U.S.C. § 405(a), the agency revised 20 C.F.R. § 416.1435, to require claimants to (a) make every reasonable effort to ensure that the A.L.J. receives all evidence—as required by 20 C.F.R. § 416.912—and (b) inform the agency about or submit any written evidence, "no later than 5 business

days before the date of the scheduled hearing." 20 C.F.R. § 416.1435(a); Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-90997 (Dec. 16, 2016).

If the claimant misses this 5-day deadline, the A.L.J. will later accept the evidence if the A.L.J. has not yet issued a decision and the claimant demonstrates that he or she did not submit the evidence before the deadline because:

> (1) the agency misled the claimant;
>
> (2) the claimant had a physical, mental, educational, or linguistic limitation that prevented them from timely submitting or informing the agency; or
>
> (3) an unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented them from timely submitting or informing the agency about the evidence.

20 C.F.R. § 416.1435(b). The exceptions for good cause are only relevant when a claimant does not inform the A.L.J. or submit a written statement explaining what documents are missing, within five business days before the date of scheduled hearing. 20 C.F.R. § 416.1435(a) ("If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply"). The agency defines "unusual" and "unavoidable" circumstances to include:

> (1) serious illness that prevented the claimant from contacting the agency;
>
> (2) a death or immediate illness in the claimant's immediate family;
>
> (3) destruction of the records by fire or accidental cause; or

(4) receipt of evidence less than five days prior to the hearing, despite the claimant "actively and diligently" seeking the evidence from the source.

*Id.* These changes are effective for hearings after May 1, 2017. Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-90997 (Dec. 16, 2016).

The A.L.J. stated in his decision that Plaintiff did not inform him of the missing records more than five business days before the scheduled hearing date. (R. 15.) On May 8, 2017, Plaintiff informed the A.L.J. that requested medical records from Dr. Collins-McGowan had not been obtained in time for the May 18, 2017 hearing. (R 317, 134.) On May 13, 2017, Plaintiff submitted a pre-hearing memorandum indicating that requested medical records "have not been obtained as of today's date despite diligent efforts by telephone and by mail. Given that the hearing is scheduled for May 18, 2017, the letter dated May 8, 2017 satisfies the 5- day notice requirement under 20 C.F.R. § 416.1535(a)." (R 320.) The administrative hearing was postponed to June 14, 2017. (R. 320.) Plaintiff's correspondence appears to satisfy the Five-Day Rule's requirement to inform the A.L.J. of all relevant evidence required by subpart a of 20 C.F.R. § 416.1535.

An exclusion of records may be considered harmless if including the information would lead to the same result. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (remand unnecessary where "application of the correct legal principles to the record could lead [only to the same] conclusion"). The late records include documentation from "well child" visits in March 2016 and March 2017 (R. 34–68.) The late documents note that Stephen R. Webb, M.D., previously diagnosed a "[s]evere

speech delay" in June 2013 (R. 35, 52–53), the documentation of which is already contained in the record (R. 350–53). While some documents were already contained in the record, there was also new information regarding H.W.F's intensity, persistence, and limiting effects of his medical issues. (R. 34–68.)

In the case at issue, the A.L.J. gave less weight to Plaintiff's credibility, in turn finding that her statements about the intensity persistence and limiting effects of H.W.F's medical issues were not consistent with the record. (R. 20.)

> At the hearing, the claimant's mother testified that, when the claimant began speech and language therapy at the age of two, the claimant could only pronounce clearly three to four words. As of now, the claimant speaks up to 50 words clearly. However, the claimant's mother added, her son continues to struggle with speech articulation. Although she is familiar with his speech, she does not understand him 70% of the time. She reported that the claimant struggles at speech therapy and in the classroom, particularly when reading. The claimant's mother indicated that she hoped to enroll her son in the STEPS program, where he will have a speech teacher with him at all times, in addition to being pulled out for speech services. She indicated that the program was designed for children with "severe" speech impediments, and that her son was recommended for this program by his teachers. The claimant's mother reported that the claimant gets along with his siblings. He enjoys riding his bike, playing outside with his friends and siblings.

(R. 19.) The A.L.J. wrote, "I note that there is little evidence in support of the mother's hearing testimony." (R. 19.) As a result, the ALJ only had evidence which contradicted Plaintiff's testimony, and determined that the statements about the intensity, persistence, and limiting effects of H.W.F's symptoms were not consistent with the record. (R. 20.) On March 10, 2016, Sarah Collins-McGowan, M.D., continued to treat H.W.F. for speech and language disorder. (R 34–51.) H.W.F. continued to receive speech therapy three times per week for thirty minutes. (R. 41.) He continued to have trouble accurately identifying colors. (R. 42.) Dr. Collins-McGowan noted possible

cognitive delays and that Plaintiff should continue speech services. (R. 43.) On March 28, 2017, Dr. Collins-McGowan noted that Plaintiff had an Individualized Education Program ("IEP") in kindergarten at School #39 and received speech therapy ("ST") three times per week. (R. 58.) He was going to be attending the Steps Program at Nathaniel Hawthorne for the first grade with a special education teacher in the classroom in addition to individual speech therapy. (R. 61.) He was noted to have some difficulty at the beginning of kindergarten because he had trouble understanding things (R. 61.) He was assessed with speech delay and was noted to be receiving services through the school district. He was instructed to continued speech services through his IEP. (R. 59.) While excluding the findings of Dr. Collins-McGowan contained in the rejected evidence, the A.L.J. relied upon the education records to find, "[t]here is no evidence that the claimant's kindergarten teacher or his speech pathologist ever recommended the claimant for a more rigorous speech therapy program, as suggested by his mother at the hearing." (R. 20.) The records excluded by the A.L.J. indicate that Plaintiff was going to attend the Steps Program at Nathaniel Hawthorne for the first grade with a special education teacher in the classroom, in addition to individual speech therapy. (R. 58.) The information that was excluded does not indicate that the A.L.J.'s result would be the same, had the A.L.J. included it. That is not to say the A.L.J. would not have arrived at the same conclusion had the A.L.J. included the information, but rather that the standard set in *Zabala* is not met. *See Zabala v. Astrue*, 595 F.3d 402, at 410 (2d Cir. 2010) (Remand is unnecessary, however, "[w]here application of the correct legal standard

could lead to only one conclusion." *Schaal,* 134 F.3d at 504). As the Second Circuit wrote in *Johnson*, "where application of the correct legal principles to the record could lead [only to the same] conclusion, there is no need to require agency reconsideration." *Johnson,* 817 F.2d at 986; *see also Havas v. Bowen,* 804 F.2d 783, 786 (2d Cir.1986) (declining to remand for consideration of a treating physician's opinion where there was no substantial evidence to refute the treating physician's conclusion that the claimant could not return to his prior employment). In *Snell,* the Second Circuit remanded because the unconsidered physician reports, asserting that the claimant was totally disabled, were significantly more favorable to the claimant than the reports that were considered. *Snell,* 177 F.3d at 130, 134. Here, the information which was not included would not be guaranteed to lead to the same conclusion the A.L.J. reached, had it been included in the determination. The information excluded was beneficial to Plaintiff's case, and also conflicted with the A.L.J.'s credibility determination. The case must be remanded in order so that the excluded information can be addressed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 10) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 13) is denied. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

/s/ Mark Pedersen
MARK. W. PEDERSEN
United States Magistrate Judge

Dated:      March 26, 2020
            Rochester, New York